UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANK GATI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:18-cv-1223-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Frank Gati ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 14).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 11. Plaintiff also filed a reply. *See* ECF No. 13. For the reasons set forth below, Plaintiff's motion (ECF No.8) is **GRANTED**, and the Commissioner's motion (ECF No. 11) is **DENIED**.

## BACKGROUND

On March 30, 2015, Plaintiff protectively filed his DIB application alleging a disability beginning July 11, 2014 (the disability onset date), due to: degenerative disc disease, lower back pain, herniated discs, and nerve damage in the left leg. Transcript ("Tr.") Tr. 184-90, 209. Plaintiff's claim was denied initially on July 13, 2015, after which he requested an administrative hearing. Tr. 73, 111-12. On September 25, 2017, Administrative Law Judge Bryan Battles (the

"ALJ") presided over a video hearing from Alexandria, Virginia. Tr. 10, 36-72. Plaintiff appeared and testified from Buffalo, New York, and was represented by Amanda Zafur, an attorney. *Id*. Stephanie R. Archer, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on November 3, 2017, finding that Plaintiff was not disabled. Tr. 10-18. On September 17, 2018, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his November 3, 2017 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019;

2. The claimant has not engaged in substantial gainful activity since July 11, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*);

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and herniated discs (20 CFR 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except that the claimant can occasionally push and pull and operate foot controls with the left foot; occasionally balance, stoop, kneel, crouch, and crawl; occasionally climb ramps or stairs; and never climb ladders, ropes, or scaffolds;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565);

7. The claimant was born on November 22, 1967 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a));

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 11, 2014, through the date of this decision (20 CFR 404.1520(g).

Tr. at 10-18.

Accordingly, the ALJ determined that, for the application for a period of disability and disability insurance benefits, protectively filed on March 30, 2015, Plaintiff is not disabled under sections 2l6(i) and 223(d) of the Act. *Id*. at 18.

## **ANALYSIS**

Plaintiff asserts two points of error: (1) The ALJ improperly used lay opinion to interpret bare medical findings in formulating Plaintiff's RFC, and his rejection of opinions thus caused an evidentiary gap that required him to further develop the record; (2) the Appeals Council failed to account for new and material evidence because the new and material evidence was directly related to already existing conditions and the evidence is probative. *See* ECF No. 8-1 at 1.

The Commissioner maintains that the ALJ appropriately considered the evidence of record, including the medical opinion evidence from consultative examiner Hongbiao Liu, M.D. ("Dr. Liu"), and Plaintiff's treating physicians, in determining that Plaintiff could perform a range of light exertional level work, and therefore, the ALJ's decision is supported by substantial evidence. *See* ECF No. 11-1 at 1, 6-8.

The Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

5

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ did not properly evaluate the medical opinion evidence and because the RFC finding is not supported by any competent medical opinion. *See* ECF No. 8-1 at 16-22. The Court agrees. The ALJ accorded "little" weight to all the medical opinions in this case (Tr. 15-17), without adequately explaining his rationale for doing so in light of the objective medical evidence in the record which appears to contradict an RFC for light work. *See Shaw v. Chater*, 221 F.3d 126, 135 (2nd Cir. 2000). Since light work involves a considerable degree of walking or standing, there is nothing in the medical records to support the ALJ's RFC determination as to light work. Thus, the RFC was not supported by substantial evidence.

Plaintiff first contends that the ALJ did not properly evaluate the medical opinion evidence from consultative examiner Dr. Liu. *See* ECF No. 8-1 at 17. Dr. Liu conducted a consultative internal medicine exam on June 3, 2015. Tr. 899-905. Plaintiff contends that Dr. Liu's opinion that Plaintiff had moderate limitations for prolonged walking, bending, and kneeling, was suggestive of greater limitations and should have been given more than "little" weight. *Id*. at 16-19. The ALJ found 2015 Dr. Liu's moderate limitations for walking, bending, and kneeling were vague. Tr. 15. However, when considered with the objective medical evidence and opinions record, Dr. Liu's opinion does not support an RFC for light work.

From approximately January 2013 to April 2017, Plaintiff received treatment from family medicine practitioners Daniel Trock, M.D. ("Dr. Trock"), and Michael Dlugosz, M.D. ("Dr. Dlugosz"), at Highgate Medical Group ("Highgate") for ongoing and worsening symptoms of left lower back pain. Tr. 283-322, 1025-1052, 1075-1105, 1106-1107. Dr. Trock assessed lumbar spine ("LS") radiculitis and referred Plaintiff to Daniel C. Cox, D.C. ("Dr. Cox"). Tr. 283. Plaintiff reported persistent lower back pain with radiation to left leg with numbness at times. Tr. 286.

Records from Highgate also note consistent complaints of back pain with radiculopathy. *See* Tr. 283-322. Plaintiff saw a chiropractor on a regular basis, and his MRI from July 2014 showed L4-L5 disc herniation; some stenosis; and old anterior wedge compression fractures at multiple levels. Tr. 286. Plaintiff noted that his pain is exacerbated when he overdoes it. Tr. 286. Dr. Trock noted that Plaintiff "continued to have some disability from back pain despite regular chiropractic care" and referred him to neurosurgery for another opinion. Tr. 285-86.

From July 15, 2014, to March 3, 2015, Plaintiff presented to Andrew Cappucino, M.D. ("Dr. Cappucino"), of Buffalo Spine Surgery ("Buffalo Spine"), for treatment of chronic back pain and leg pain. Tr. 305-503, 504-761, 1003-1018. On January 19, 2015, Plaintiff reported back pain and severe intractable left leg pain since July 2014. Tr. 343. He was noted to have positive straight leg raises ("SLR") bilaterally. Tr. 608. Although he was cleared for surgery, Plaintiff opted not to proceed. Tr. 302-304, 653-654, 1103-1105. Later notes from Buffalo Spine noted that MRIs show evidence of discogenic injury, left sided recess stenosis and a fairly large disc herniation in the lower lumbar spine at the L5-S1 and L4-L5 level. Tr. 1004. At his last visit to Invision Health, Plaintiff noted that his pain is aggravated by standing and walking, and he experienced intermittent toe pain if he sits too long. Tr. 265.

On April 17, 2017, Plaintiff presented to Dr. Dlugosz for a health assessment. Tr. 1084-1085. Records from that visit noted that Plaintiff walks with antalgic gait and had obvious difficulty stepping up onto the exam table. Tr. 1084. Dr. Dlugosz opined that Plaintiff remained completely disabled due to lumbar spine degenerative disc disease ("LS DDD") with radiculopathy (radiating) back pain and left lower extremity pain. Tr. 1084. In September 2017, Dr. Dlugosz's prognosis was unchanged, and he indicated that did not expect any marked change in the future. Tr. 1107. Dr. Dlugosz found Plaintiff totally disabled from his present job and any other type of

7

work beginning from June 30, 2014 to lifelong. *Id*. However, the ALJ noted that no functional limitations were expressed. Tr. 15-16. Although matters of disability are reserved for the Commissioner, the physical findings and studies reflect on going and worsening medical problems with Plaintiff's back.

In sum, the record reflects that Plaintiff's complaints have been consistent throughout, and his studies indicate significant disc disease. The Court has completed a comprehensive view of the records and cannot determine that the treatment notes adequately support the ALJ's RFC. As stated, radiographic studies and an EMG indicate significant disc disease. Physical examinations also document positive physical signs of disc disease. The ALJ noted these findings with little explanatory analysis, and he seems to have based his RFC primarily on Plaintiff's activities. It is apparent that the ALJ did not rely on any medical source opinions in arriving at an RFC since he gave all the medical opinions little weight, purportedly because there were no functional limitations to rely upon. *See* Tr. 15-16.

"While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 259–60 (W.D.N.Y. 2018) (citing *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (citation omitted). In other words, "the ALJ may not interpret raw medical data in functional terms." *Benman*, 350 F. Supp. 3d at 259–60 (citation omitted).

Here, the ALJ did not rely on any treating source opinion evidence in determining Plaintiff's RFC. Furthermore, the ALJ neither discussed the evidence that contradicted the RFC findings, nor comprehensively set forth his reasons for assigning little weight to all the medical

opinions of record. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Accordingly, the issue is whether the record is clear, and contains some useful assessment of the Plaintiff's limitations from a medical source sufficient to support the RFC finding. *Muhammad*, 2017 WL 4837583, at *4. Having reviewed the record, the Court finds that it is neither clear nor complete and does not contain a useful assessment of Plaintiff's physical limitations. Therefore, the Court finds that the case should be remanded and that the ALJ obtain a consultative exam with the express purpose of allowing the ALJ to determine a proper RFC.

Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court need not address Plaintiff's second point of error. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE